**In re: PUERTO RICAN CABOTAGE ANTITRUST LITIGATION.**

**MDL No. 1960.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 13, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiff in one Southern District of Florida action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of Florida. All responding parties agree that centralization is appropriate and variously support one or more of the following suggested transferee districts the Southern District of Florida, the Middle District of Florida, the Eastern District of Louisiana, or the District of Puerto Rico.

This litigation currently consists of five actions listed on Schedule A and pending in three districts as follows three actions in the Southern District of Florida and one action each in the Middle District of Florida and the District of Puerto Rico.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Puerto Rico will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that defendants conspired to fix prices of cabotage services to and from Puerto Rico in violation of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The question of the best transferee court presents us with several good options. The Middle District of Florida, the Southern District of Florida, and the District of Puerto Rico would each be an appropriate transferee district. We conclude that the actions are best centralized in the District of Puerto Rico. Eleven actions are already pending there, ten of which are before Judge Daniel R. Dominguez, who has MDL experience. Moreover, docket conditions in this district are favorable for the assignment of an MDL. Therefore, centralization in the District of Puerto Rico can achieve the dual benefits of convenience and of spreading the workload of multidistrict litigation cases.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Puerto Rico are transferred to the District of Puerto Rico and, with the consent of that court, assigned to the Honorable Daniel R. Dominguez for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

---

1. The Panel has been notified that eighteen other related actions have been filed as follows: ten actions in the District of Puerto Rico, and four actions each in the Middle District of Florida and the Southern District of Florida. These actions will be treated as potential tag-along actions. *See* Rules 7.4

## SCHEDULE A

MDL No. 1960 — **IN RE: PUERTO RI-CAN CABOTAGE ANTITRUST LITI-GATION**

*Middle District of Florida*

*Yoly Industrial Supply, Inc. v. Horizon Lines, Inc., et al.,* C.A. No. 3:08–434

*Southern District of Florida*

*C C 1, LP v. Horizon Lines, Inc., et al.,* C.A. No. 1:08–21125

*BacPlas, Inc. v. Horizon Lines, LLC, et al.,* C.A. No. 1:08–21131

*Issac Industries, Inc. v. Horizon Lines, Inc., et al.,* C.A. No. 1:08–21151

*District of Puerto Rico*

*Century Packing Corp. v. Horizon Lines, Inc., et al.,* C.A. No. 3:08–1467

and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).